THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR RIVERA IRIZARRY, Defendant and Appellant.

No. 11818.    Argued April 1, 1947.—Decided April 14, 1947.

176

*Leopoldo Tormes García* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant was charged in the district court with selling on July 20, 1946, ½ lb. of codfish for 15¢, in violation of Administrative Order No. 68 of June 30, 1946, issued by the General Supplies Administrator pursuant to Act No. 228, Laws of Puerto Rico, 1942 (p. 1268). The defendant was convicted and appealed from a judgment sentencing him to serve three months in jail and to pay a fine of $50.

The defendant contends first that Administrative Order No. 68 is void. The defendant argues that Act No. 228, under which the Order was issued, is invalid because in providing therein for the post of General Supplies Administrator the Legislature violated § 37 of the Organic Act, 48 USCA § 774, which prohibits the Legislature from creating a new executive department.

Section 2 of Act No. 228 provides for a General Supplies Administration, which shall be under the direction of a General Supplies Administrator, appointed by the Governor with the consent of the Senate. The Administrator is authorized by § 2 to issue such regulations and orders as he may deem necessary to enforce the Act. And § 3 provides in detail for the establishment by order of the Administrator of maximum prices.

The Federal Emergency Price Control Act was not in effect between July 1 and July 25, 1946. *Latoni* v. *Municipal Court, ante,* p. 130. Accordingly, on June 30 the General Supplies Administrator issued General Administrative Order No. 68 adopting by reference all the orders and regulations of the Federal OPA for sales of staple commodities and providing that violations of the Order would be punished by a fine of not more than $5,000 and imprisonment of not less than three months or more than two years. The offense charged herein occurred on July 20, 1946, while the Federal Act was not in effect, and it was covered by the Administrative Order.

We assume, without deciding, that despite § 12 of Act No. 228 and *Yakus* v. *United States,* 321 U. S. 414, the validity of the Administrative Order may be attacked in this proceeding. However, we are unable to agree that the Order is invalid.

In *Irizarry* v. *District Court,* 64 P.R.R. 90, 97, we held that the insular Legislature may adopt by reference existing Federal price regulations. We also held at pp. 98–100 that the Legislature may adopt by reference prospective Federal regulations. The theory of this latter holding was that in so providing the Legislature validly "selected the Federal Administrator as the administrative official who shall have the power 'to fill up the details' within the broad but valid standards laid down in the law itself" (p. 98). And we pointed out at p. 99, citing *Ex parte Gerino,* 77 P. 166 (Calif. 1904), that "the power to fill up details is on occasion validly delegated even to private bodies."

The issue here is narrow. We are not concerned in this case with whether the General Supplies Administration is an executive department. Rather the question is whether the Legislature has validly established an offense which the defendant has committed. As we have seen, even a private individual may fill in the details within a valid standard laid down by the Legislature. We therefore need not inquire as

to the official capacity of the Administrator or his status under the Organic Act. The Legislature created the offense. The Administrator, whether we call him an official or a private citizen, took action which he was authorized to take pursuant to Act No. 228. We therefore hold that violation of the Order was a crime and that the issue of whether the Administration is an executive department has no relevancy here.

We are unable to agree with the contention of the defendant that the crime charged herein was not defined by law. Section 10(a) makes it illegal to sell any article in violation of a regulation or order issued pursuant to Act No. 228. And § 13(b) provides that any person who willfully violates any provision of the Act shall be punished by a fine which shall not exceed $5,000 and by imprisonment of not less than three months or more than two years. Moreover, § 13(b) and the provisions of the Administrative Order fixing penalties for violation thereof are identical. We therefore put aside as academic the question as to the power of the Administrator under Act No. 228 to fix criminal penalties.

The defendant next contends that although § 2(c) authorizes the Administrator to issue regulations, the Act does not provide that such regulations shall have the force of law. This is a frivolous contention. Section 10(a) specifically makes it illegal to sell any article in violation of an order or regulation of the Administrator.

Finally, the defendant asserts that the record does not contain evidence sufficient to sustain the conviction as the Administrative Order was not introduced in evidence and the courts can not take judicial notice thereof. We do not stop to determine if the courts could take judicial notice of an Order fixing specific prices. Here the Order simply adopted by reference all OPA regulations, including one prohibiting the sale of codfish for more than 23¢ a lb. And once they are published in the Federal Register, the courts can take judicial notice of such Federal Regulations. *United States ex rel. Brown* v. *Lederer*, 140 F.(2) 136, 139 (C.C.A. 7th,

1944), cert. denied, 64 S. Ct. 1047. Consequently, all we are asked to do here is to take judicial notice that during the twenty-five day hiatus when the Federal Act was not in effect, the regulations thereunder were adopted by reference pursuant to the insular Act. This was officially proclaimed by the Governor and was such a widely known and notorious fact in this community that the courts may take judicial notice thereof. *People* v. *Díaz,* 62 P.R.R. 129, 132; see *De Castro* v. *Board of Commissioner,* 59 P.R.R. 673, 681–82; *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460, 489–90; *Tugwell* v. *District Court,* 64 P.R.R. 213, 237.

The judgment of the district court will be affirmed.